IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANGELO BOL,

                 Petitioner,

    vs.

SCOTT R. FRAKES,

                 Respondent.

**4:19CV3116**

**MEMORANDUM AND ORDER**

    This habeas corpus case is pending before me. Respondent has moved for summary judgment. Petitioner has not responded. I herewith grant the motion for summary judgment because it is apparent that the relevant federal statute of limitations ran before Petitioner filed this action, and there is nothing to excuse the tardy filing.

## UNDISPUTED FACTS

    1.    On May 8, 2015, Petitioner Angelo Bol, pursuant to a plea agreement with the State, pled no contest in the District Court of Buffalo County, Nebraska, to first degree murder. (Filing No. 16-2 at CM/ECF pp. 25-26.) Bol was subsequently sentenced to life in prison. (Id. at CM/ECF pp. 32-33.)

    2.    Trial counsel withdrew, and separate counsel was appointed to represent the petitioner on direct appeal. On July 22, 2016, the Nebraska Supreme Court affirmed Bol's conviction and sentence on direct appeal. (Filing No. 16-1 at CM/ECF p. 4); *See State v. Bol*, 882 N.W.2d 674 (Neb. 2016) (holding, among other things, that (a) the trial court did not violate defendant's constitutional rights to due process or trial by accepting his no contest plea to first degree murder, despite contention that defendant did not understand what was happening and required

interpreter; defendant had ability to comprehend proceedings and communicate in English, neither defendant nor his attorney requested interpreter, and claimed language barrier did not render defendant's plea involuntary; and (b) the appellate record established that Petitioner's trial counsel was not ineffective).

3.      No petition for certiorari was filed.

4.      Bol has not filed a motion for postconviction relief in the state district court. (Filing No. 1 at CM/ECF pp. 3-4); See, also, Buffalo County District Court Case No. CR15-2.[1]

5.      Bol's habeas petition was filed with this Court on December 23, 2019. (Filing No. 1.)

## ANALYSIS

Respondent submits that Bol's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set stringent guidelines with regard to the statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Section 2244(d) provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[1] Respondent asks me to take judicial notice of Buffalo County District Court Case No. CR15-2 on the Justice website at https://www.nebraska.gov/justice/. I do.

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Nebraska Supreme Court affirmed Bol's convictions and sentences on direct review on July 22, 2016. Thus, Bol's judgment became final 90 days later on October 20, 2016. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment is final, under 28 U.S.C. § 2244(d)(1)(A), at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court). Thus, the one-year statute of limitations began running on October 20, 2016. This deadline was not tolled because Bol did not file a motion for postconviction relief in the district court. Bol had until October 20, 2017, to file his habeas petition, but he did not do so until more than two years later. That is, on

December 23, 2019.[2] He has not offered any excuse for the late filing, and I discern none after my independent review.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and I have determined that Bol is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed with prejudice. The motion for summary judgment (filing no. 15) is granted. No certificate of appealability has been or will be issued. I will enter judgment by a separate document.

Dated this 6th day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] Bol sent his federal papers to the state district court and they were received on December 2, 2019. On December 5, 2019, the state court returned the papers with a letter explaining to Bol that he needed to file them in this court.

4